14-1077, N.B. Financial, N.A. v. David Novoseltsky Would both attorneys that are going to argue today step up and identify yourselves for the record, please? Good morning. I'm pleased to report Joseph Blanken on behalf of David Novoseltsky. Mr. Tye, good morning. Good morning. Good morning. Scott Blanken on behalf of the Movers-Dapper-Leaves, John Cushing and Janine Stevens. Good morning, Mr. Blanken. Good morning. All right. So we will allow each of you to have about 15 minutes for your argument. And Mr. Tye, from that, you may save out some time for your argument. Thank you. All right. I'd like to save about five minutes of that, if I could. Okay. You may proceed. Thank you. I do not stand before this court with a complete blank slate. This court, two of the members of this court have sat on panels in connection with this Ivanka case, and this court is very familiar with that litigation. I think it is safe to say it is one of the more troubling and difficult cases that has worked its way through the circuit and appellate and federal and District of Colorado and Nevada systems in the Ivanka litigation. And Mr. Novoseltsky, for a period of time, from beginning in 2008, participated in that case. At the time that Mr. Novoseltsky was brought into the Ivanka litigation, broadly discussed, there was already pending a lawsuit filed by Mr. Klein as a holder of the beneficial interest in the wrongful death estate, as a spouse of the decedent, against Ms. Stevens and others, creating a conflict across a litigation line between a person with a beneficial interest in the lawsuit and the lawyer handling the lawsuit. After the litigation ended with respect to Mr. Novoseltsky, there continues to be fractious litigation in the case with family members against family members. We understand that there is animosity. Here is my question. Yes, sir. Mr. Novoseltsky filed a lawsuit in the federal court raising certain allegations. Yes, sir. A federal court judge interpreting Illinois law wrote a detailed order and memorandum explaining why each of the theories that he proposed in federal court were invalid and not proper under Illinois law. Yes, sir. After that case was dismissed, Mr. Novoseltsky then filed this case. Yes, sir. Reading these same legal theories, which have already been explained to him to be not viable, and that's where we are. Yes, sir. And why is that 137th sanction not appropriate in light of that background? Because, first of all, Your Honor, the lawsuit as against Ms. Stevens was not completely resolved by Judge Landenweber's decision, did not foreclose that. Was there one count that was remaining? Your Honor, yes. Was that count? That was a count for intentional infliction of emotional distress, Your Honor. All right. But setting that aside, why don't you then answer what the House has suggested. The same counts, all of the ones that were previously dismissed and came alive again in the state court. Mr. Novoseltsky disagreed with Judge Landenweber's conclusion that the claims of malpractice were premature. But wasn't there an appeal to the Seventh Circuit? There was an appeal to the Seventh Circuit in connection with a 2011 removal that was not the lawsuit that Justice House is asking about. So the lawsuit in 2008 was on the claims that were dismissed in the federal district court. The claims that were filed in the federal court were dismissed and then filed in 096397 in the circuit court. Thereafter, after 096397 was dismissed in 2010, there was a motion for sanctions in that case. Thereafter, in that case, the estate petitioned to intervene in the sanctions. Mr. Novoseltsky construed that as a separate lawsuit where he was the sole defendant. He believed there would be diversity of citizenship as to the request for sanctions. He believed that under federal law, he had to seek removal when it became apparent that he might have a right to removal as opposed to when it was confirmed that he had a right to removal. He removed it. He was immediately met with motions to petitions to remand, which he resisted unsuccessfully, and Judge Landenweber found that he had no objective basis for the removal and imposed Section 1927 sanctions, which are appropriate on an improvident removal. Even though this is an aside, what did the court say about why the removal action was sanctionable? The removal action was sanctioned because there was no objective basis to support removal jurisdiction in 2011. He was sanctioned by the district court. He paid those sanctions. He took an appeal. He was sanctioned on an appeal because the appeal was unsuccessful, and he paid those sanctions. The 08 case that first gave rise to it led to a decision by Judge Landenweber that as to Mr. Cushing, Judge Landenweber said there appears to be some agreement in place. He did not adjudicate as to Mr. Cushing as to malpractice generally, found that the claims were premature because there had not been the injury that would trigger malpractice. May I interject here? Yes. Regarding the order of sanctions, how does this court review an order of sanctions, specifically the order that Judge Probst imposed? Are we reviewing it for an abuse of discretion? If the court determines that the basis for sanctions was established under the law, then the amount of sanctions and the decision whether to grant sanctions would be reviewed on an abuse of discretion standard. However, if the procedures for establishing sanctions were not met, then that would be a legal question that would be reviewed by NOVA. What would you say are the procedures that are established in order to review this in NOVA? There has to be a presentation of evidence to support the amount of the sanctions. There is no attempt to present evidence in support of the sanctions. There has to be an evidentiary hearing where there are contested issues and there has to be an appropriate evidentiary hearing, not one by the court with witnesses. Let's just parse it out. So let's take it in stages because the imposition of a dollar amount as a part of the sanction is a separate issue. Indeed, the court couldn't impose sanctions and the rule says may also impose. So let's just talk with respect to the imposition of sanctions. Is that, in your view, reviewable on an abuse of discretion standard? In this case, the first question is if the NOVA standard of whether the requirements established under the case law for 137 have been met. I believe there was no attempt to meet them and the motion for sanctions should have been stricken when the movements said we have completed our presentation. There was an evidentiary hearing, however. There was an evidentiary hearing in the respondent's case, Your Honor, not in the movement's case. Well, at the end of the movement's presentation, the motion should have been denied, Your Honor. Weren't there thousands of documents? Wasn't there an appellate court's decision? Weren't there other appellate court's decisions? Wasn't there a voluminous amount of documents that was available to the trial judge when the order of sanctions was entered? With respect to 09L6397, there was no appellate authority to guide the court. There had been no determination of the merits of the case. There had been no presentation at any time that the factual allegations in the lawsuit were incorrect. What we have is a statement by a person in February of 2010, in writing, that she knows that she is capable and has said things that she believes not to be true. She said in February of 2010 that the event in which she gave the false presentation occurred in July of 2008, but there was no presentation of evidence to the court that the time she made the false statement was 2008 as opposed to 2010. So on this record, we can't presume that there was no factual basis for the allegations in the case. Let's assume for purposes of our argument right now, though, that we're going to conclude that the standard of review of the actual order finding sanctionable conduct is an abuse of discretion. Let's assume now that this court determines at some future time that there was enough information available to the court. I believe you said that there was an evidentiary portion where, in the respondent's case, there was testimony. But let's assume that we're going to review it for an abuse of discretion, and taking apart, putting aside the amount of sanctions, what is your explanation? How do you suggest that we find that in this 20-some page order that the court abused its discretion with significant findings? How do we say that this order represents an abuse of discretion? Knowing what abuse of discretion means in the law. We look to find whether there have been pleadings that were filed in violation of Rule 137. Yes. And we look first to whether there's been an establishment that the pleadings filed lacked a basis for allegation. Not whether they were truthful, not whether they were persuasive, but whether it was unreasonable, patently unreasonable, sanctionably unreasonable to believe in the truth of the allegations. That's all in the order. No one, Your Honor, presented evidence to suggest that the allegations in 096397 were factually incorrect. There was argument, but no evidence. The next question is whether the causes of action asserted in 096397 found a basis to support the assertion within the deferential standard of the courts under Rule 137 to the right of the pleader to be insufficient or unpersuasive. This is not a situation where if you lose the case, you sanction it. You have to be so lacking in a basis for your arguments that even under Polsky v. BDO Seidman, which is a case that I had personally some familiarity with, and the underlying case that preceded it, where they said, you have a bad theory against these people, but it's not sanctionable. Mr. Novoselsky's claim is here. Let's just take one piece of the complaint. One allegation in the complaint was with respect to Mr. Cushing. The other allegation was with respect to his illegal practice of law because he appeared in court. What basis would that have had because he appeared in court? This is an argument where you look to see what would be the kernel that leads to it and how does the trail go from that kernel on. A person appearing before the court in a capacity that is by law defined to be as lawyer is what happened to Mr. Cushing when he appeared before the court. Wait a minute. Don't you always have to have an attorney-client relationship to start out with legal practice actions? No case would ever suggest that there's an attorney-client relationship here. So, isn't that one of the things that was concluded here? You can't have a legal malpractice action when you don't even have an attorney-client relationship. And the attorney-client relationship starts with whether the person accused of being an attorney is serving in the capacity as an attorney versus a personal representative of the estate. The case that we cited is when you appear, you appear in a case, and the cases hold that a personal representative cannot address the court, can only appear through counsel. So when Mr. Cushing stands in front of the court, he happens to be the personal representative, but the law doesn't recognize that status on him when he addresses the court, even on a ministerial thing. So when he then speaks, he becomes effectively an attorney. This is the kernel. Whether that's sufficient to go all the way into where there's malpractice, but that's the basis of an attorney's existence. And if he's an attorney, he's an attorney for the wrongful death of state. And if he's an attorney for the wrongful death of state, he has a legal duty to the beneficial holders of that estate, which creates the attorney-client relationship with Mr. Novoselsky's client. Didn't the court find that the pleadings were completely and woefully inadequate to state a cause of legal malpractice against Mr. Cushing? Yes. The sufficiency of the complaint. And if we review that for an abuse of discretion, I'm not sure what your response to that question would be. If a complaint is woefully insufficient, it should be stricken, and if there's no cure possible, it should be dismissed. But you do not sanction the person. You have violated Rule 137 because you failed to articulate that. The federal district court already said it was. Or was that only the complaint in federal court only against Attorney Stevens? The federal court denied cross-motions for sanctions in the 08 case. So the complaint that was filed in federal court that gave rise to the decision, after it was dismissed for warrant of prosecution, after Mr. Novoselsky withdrew from the case, there were motions for sanctions, of course, because it's this case, cross-motions for sanctions. And Judge Leinweber said goodbye to both of you. We're not granting sanctions on the pleadings that were before me. How do you address this one sort of different kind of allegation, that being that Mr. Novoselsky was filing this action for the specific purpose of trying to get lawyers who were representing a client off the case? And actually, Judge Probst did determine that, didn't she, that one of the things she concluded was that this action was filed for the specific purpose to create a conflict, so that that could force otherwise appropriate representation by an attorney in a given case. I began my argument today by referring to the fact that Mr. Klein had already created that conflict in 2007. Mr. Novoselsky's filing did not change whether or not there had been that conflict. Was Attorney Stevens ever representing Klein? Yes, because as attorney in the wrongful death estate, she has an attorney-client relationship and duty to all of the people who have an interest in the recovery. And in the case... Do you think Mr. Golinkin is going to agree with you on that point? I think Mr. Golinkin and I agree that most agents will begin with a why. But when it comes to this case, that's about as far as we go. I wouldn't expect an affirmation from this side of the room at any time now. I've had to read five years of transcripts, and I've lived through this on a secondhand level. There's no part of this case, just so we're clear, there's no part of the representation and the presentation of the manner in which this case was handled that I am saying should be held up as an example for people to learn the aspirations of our profession. This was a slugfest. It was a slugfest before Mr. Novoselsky got involved. Mr. Novoselsky did nothing to make it easier. But by the same token, we live where the conduct of the attorney qua attorney is covered by the disciplinary system and was covered here and resulted in a suspension. The first time in the history of Illinois that a lawyer lost the privilege of practicing law for a period of time on the basis of interpersonal interactions that had not received prior warning. This is the first time any time the ANADC said, without any further chance to change your behavior, without any warning shots, your behavior warrants sanctions, and it was on this case. That is appropriate to consider whether to punish an attorney for that kind of conduct. The acting out or not acting out in federal court lies within the inherent power of the court to maintain order and the contempt power of the court. That is an allegation that Mr. Novoselsky made that he was actually, well, I think he changed his testimony. He was not told not to file 6397 and that there is some indication on his part that there was implicit Yes, Your Honor. It was suggested to him by two different judges. Yes, Your Honor. About 6397. The record of interactions in front of the judges in the circuit court overstuffed the information because everybody was screaming all the time. But throughout the period of time, Mr. Novoselsky was advising that a lawsuit was contemplated. Within a few weeks of when the lawsuit was filed in federal court, he told Judge McGurk, on the record, I told you about this. No one said, no, you didn't. He continued to say, everybody knows about this. Nobody said, no, we don't. And in 2009, when that issue came up, whether the latest split within the family had caused Mr. Novoselsky to lose his attorney-client relationship with Lisa Funkus, Stef said he should pull out of the case. Let me just ask you a question. Would it seem proper to you that a sitting judge would advise a party to file a complaint? Would that seemingly shift the role of the judge as the unbiased adjudicator to indicate when a lawsuit should be filed or a complaint should be filed? I do not believe that a judge evidences bias when a judge directs someone to pursue a cause of action. So I have no concerns at all about a perception of bias on Judge McGurk's part or anybody else's. And if this were not in a state where the court is acting on behalf of the state of Illinois for the interests of the ward, I would not expect a court to comment on whether someone ought to consider or not consider pursuing an action for the benefit of that client. However, in a minor's estate, in this state with the comprehensive concern that the state judicial system exercises and protects with respect to the protection of minors, I don't find it untoward or problematic that the judge monitoring the minor's estate, particularly in the cases heated as this, would be saying, I'm going to allow this or I'm not going to stop this. I think one of the problems in this case is, frankly, too many of the participants blamed the judges for not taking enough control. But I don't think that was fair to the judges to say, you should have been doing more. But I certainly don't see anything wrong with the judge allowing it to happen. And the question under 137 is, is it unreasonable for Mr. Novoselsky when he's in court every day or virtually every week telling the judge, you know I'm fighting this, I told you I'm fighting this, and screaming at the top of their lungs and all the other stuff that the transcript shows, and nobody says stop doing that? Is it unreasonable for him to say he has consent, direction, approval by the court to continue to pursue that? I don't know how a judge would sit on the bench and either acquiesce or suggest that a complaint should be filed and then perhaps that same judge would rule on that complaint once it's filed. This judge, Judge McGurry, was never going to be an adjudicator on the merits of the complaint. All Judge McGurry was responsible for was the administration and the protection of the interests of the minor. One of the potential assets of the minor, as seen by Mr. Novoselsky, was a lawsuit. Is there anything in the record that actually supports these statements by Judge McGurry that you're talking about? Yes, Your Honor, we provided the copies of the transcripts at the hearing and our exhibits, and we provided them to Judge Probst, and I think she refers to some of them. Let me answer that. Okay, you've answered that. One of the arguments made by your opponent is that you have failed to cite the record for all of your contentions, that you don't really cite any part of the record, or for the vast majority of your statements, you haven't cited the record on appeal. Now, you asked, or someone asked at some point, to present a partial record.  Well, it's your error. They say that based on general principles, and particularly a very common case that we all know of, that basically we could affirm the sanction order, you know, just because you haven't provided us with a sufficient record, and we always presume when the record isn't complete that the court acted in accordance with general principles of law. So why shouldn't we just simply vouch this case? I believe, Your Honor, that my failure, if the court could see it as my failure and not Mr. Novoselsky's failure, should not fall on Mr. Novoselsky, number one. Number two, I think when you read the briefs and you hear the accusations of an incomplete record and a failure to provide the court with the information, you don't find a disagreement as to the facts. You don't find that, you know, what I've said these transcripts say, or what I say these pleadings say, is wrong, and you don't find that what I failed to refer to in the other cases, I think, doesn't change the determination under this case of sanctions. I don't think that the briefs supplied by the parties put the court in a position where the court can't see where the justice is in the case, even though I did not do my part. Okay. I do believe we have a rather extensive, extensive order that Judge Probst entered. Now, on the sanctions, the amount entered in this case, that one of your arguments is that Judge Probst suggested there would be an evidentiary hearing. Yes, Your Honor. And then, subsequently, the order came out and there was no hearing? The request was made at first for an evidentiary hearing that was denied, then curtailed to the 15 to 30 minutes of examination on the merits. Okay. In the course of the case and the presentation before Judge Probst, I also argued that we needed to have a determination of sanctions and then a determination of the amount of sanctions. And in the course of those arguments, I was told by Judge Probst and reflected at one point in an order by Judge Probst, that first there would be a determination of whether there was sanctionable misconduct, then there would be a determination of the sanctions, and the parties would present their positions. When Judge Probst ruled on sanctions, my adversaries sought reconsideration because they had never put in any evidence of their attorney's fees. They sought to increase the sanctions, but nobody got to the point before Judge Probst where he said, here are what the impacts have been as a result of the filing of a complaint, a second complaint, a third tentative complaint, and a fourth complaint, on a case that was voluntarily dismissed without response to pleadings being filed. So we have a spoiler of a case within this litigation that had relatively little activity within the four corners of that case, and we never had the opportunity to address the question of what would be the appropriate sanctions for that case, given what this person did allegedly in violation of Rule 137 and the impact that it had on others. And then we have the further complication that in the order itself, the primary beneficiary, given the likelihood of there being a recovery in a wrongful death case, was the estate, because Ms. Stevens and Mr. Cushing get an award of sanctions, but it's a dollar-for-dollar set-off against their already existing entitlement to fees. And so the estate receives the net benefit if there's a recovery because the amount of money they pay in fees is offset by $100,000. And none of this was discussed, presented, and frankly evaluated before the sanctions order was entered, and we end up in a situation now where my client's in bankruptcy. I hear from a lawsuit that Mr. Klein has filed that there's been a settlement in the underlying case. There is a recovery. Under the order before this court, that amount of money in the sanctions now reverts to the benefit of the estate because the movements have to give it credit against the sanctions award. They have to pursue collection of the sanctions award through bankruptcy or whatever when the settlement money is sitting in the circuit court, but that's not my problem. But this is the consequence of, I think, running into what I understand as someone who practices law. I understand the frustration that anybody in a position of responsibility, especially on a case as difficult as this, would have felt given the way this case has and continues to resolve itself. But I'm acting on that. When we leave the 137 behind, we create these other problems. When you say as difficult of a case as this is, are you talking about the case that's in front of us? Are you talking about the personal injury action that began? I'm talking about the other. I'm not sure that it was that difficult of a case. Maybe it became difficult and was made difficult because of things that happened with... I'm not going to point any fingers. Oh, no, no, you're not going to point any fingers. I don't know that I would have ever said this was a complicated case. Really, I mean, I really don't think so. If you're talking about the accident that occurred in Colorado that resulted in a complaint being filed, there's been thousands and thousands of cases like this. I don't know what you mean when you say that. What I mean by that is the Zimbabwe litigation has now reached the probate division in Nevada courts, the probate and the circuit courts of the county. Well, that's not going to happen because you had a child involved. I mean, the probate court is going to be involved at some point. You're going to have a settlement if you have one. You have a child, and he is not, Klein is not her father. I understand that, Judge. Then we have the parents in Romania. I'm not sure I see this as some kind of a real complicated case. The underlying wrongful death. But one of the issues, and it also would be simplified and create a problem here, is when a client, for whatever reason, mistakenly decides that the world's greatest lawyer is not good for them, that lawyer is supposed to step out, and that lawyer in this case did not do that. And so they've created a round of litigation that is very unusual in a wrongful death litigation where the attorneys for the people who are seeking to collect are being challenged by those people for their right to do so against their will, making decisions, and somebody else is brought in to litigate the question whether the people who have to live with the results of the case for the rest of the life of the settlement or results have the attorney of their choice. But we also have this unusual situation where there's a suggestion that there was an attempt to force those attorneys out or create a conflict so as to force them out. That's a little different than what's in there. That's certainly something within the whole universe. Absolutely, but that conflict existed in 2007. Mr. Novoselsky did not come on the scene until 2008, and when the conflict arose in 2007, the client had already gone through. One of the issues is whether there really ever was a conflict, and Judge Probst really kind of says there never was. For purposes of Rule 137, the question is whether Judge Probst's legal determination is correct and whether Mr. Novoselsky's contrary legal interpretation is so wrong that it's sanctionable. And the cases that this Court has issued over the years recognize the duty of Ms. Stevens and Mr. Cushing to accommodate and be in sync with the desires of their clients. They protect the attorneys because when there's a discharge, the attorney has immediate right to compensation for the work that the attorney's done, but there was resistance there. Wasn't there evidence at some point that there really was never any desire to discharge? No. Isn't that part of what's even going on here? There were statements made on virtually every point of view that virtually any person could offer at virtually every time in this litigation. There was no evidence presented here that there's been a change. That was one of the problems with the sanctions. People were acting on the basis of that. Isn't there some suggestion in here that there was never any permission to file this suit? But clearly, the transcript that we provided to the Court, Mr. Novoselsky told Judge McGurry prior to the time that there was a lawsuit filed that he saw that this was a federal lawsuit that arose out of the misconduct that he was complaining about. And then in September, within a few weeks of the filing of the federal lawsuit, when Mr. Clancy walked into court holding the lawsuit in tongs to demonstrate to the Court visually how abhorrent it was to him that somebody would have filed that lawsuit, they talked then about whether the lawsuit had been filed. And then six or so months later, when Ms. Edens came into court and suggested to Judge McGurry that Mr. Novoselsky had lost his clients in that lawsuit, the judge said, keep that lawsuit going. Then when Mr. Novoselsky got permission to withdraw from the lawsuit, eight days later it was dismissed from court of prosecution, the new guardian ad litem brought a rule to show cause proceeding against Mr. Novoselsky in front of Judge McGurry to explain why he let this valuable asset go. And he said, in court, I'll fill it into the current O-9 case. And that's when he amended the original allegation in O-9-6397 in response to that. So, is it objectively unreasonable for Mr. Novoselsky to believe under those circumstances that he was doing what he was permitted to do and what was appropriate to do? I think it was appropriate for him, not sanctionable. Whether or not his manner of doing it was the way we all would like to see, notwithstanding whether his failure to listen to the other side before telling everybody why they're wrong created more noise than light. It's a question of whether he violated Rule 137. His behavior is in another building. But we're still within the confines of reviewing this for an abuse of discretion. Yes, Your Honor. And given the deferential standard, even though we might disagree with Judge Probst's conclusions, how would we ever find, in light of her findings, that she abused her discretion in finding that there was a violation of the rule? There has to be a basis for the imposition of sanctions. And I don't believe that there is a basis for the imposition of sanctions on the conduct that's before the court. And I don't believe that a court, in the exercise of discretion, can award sanctions when there is no basis under the law for doing so. And that's what my case comes down to. There is a legitimate basis. I presented a basis for every one of the contentions that Mr. Novoselsky asserted. I cited the law that supports the basis of the assertion. I've established that there has been no evidence to undermine the truth of any of the allegations and nobody even made an effort to establish that the factual allegations were lacking. And so I have a complaint where there's no contention that's factually lacking. I've presented the legal support for the contentions that were made, and I maintain that under Rule 137 there is no basis to impose sanctions. But had there been a basis to consider sanctions, the process by which it was done here was not the right process. One last question. You're going to have time for rebuttal as well. But one of the conclusions that Judge Probst made was that if you just take these two large things, that the federal court had already said that every single allegation, save one, was basically frivolous, should never have been filed. They didn't state a cause of action. Then you have this fact that she concluded that Mr. Novoselsky continued to prosecute the claims after the parties themselves had disavowed the allegations. What is your response to that finding? And I believe there is support for a finding that the parties had disavowed the allegations. Instead of dismissing the action, Mr. Novoselsky let it continue. True? Did he let it continue? He didn't come in and voluntarily dismiss it. When Christina Zavonka in February 2010 wrote her so-called open letter. And that is something we can discuss. You're saying there's no backshear, there's no documents, but there is an open letter. No, there's no dispute that she wrote a letter. She wrote an open letter. And in that open letter she says, I am willing to say something that's not true, I can be importuned by people to say something that's not true, and I did it in 2008 and I'm not doing it in 2010. And she did it at a time when people were presenting fraudulent e-mails to Judge Haddad, when people were evading Judge Haddad's efforts to open the... The e-mail where Mr. Novoselsky said he's got the judge or something? No, no, no. I want the e-mail. No, no, no. This is part of the... I didn't know that. There was an e-mail submitted in late 2009 that I believe was submitted in the good faith belief that it was an accurate e-mail. But it had been falsified by Mr. Klein, and the amount of a settlement offer in an e-mail had been changed from $250,000 to $12.5 million. That e-mail was used as an exhibit to try to persuade Judge Haddad to change the direction of the case and to reinstall real estate to private realtors. That e-mail was one of the counts in the Third Amendment complaint. That was occurring at the exact same time that Christina Zavonka, under the influence of whoever was influencing her, said what I said in the past is false. Mr. Novoselsky filed a proposed Third Amendment complaint after the $12.5 million settlement offer came up, but he did not prosecute the case in the sense of issuing discovery ahead. The next time the case was up, after, you know, essentially, fundamentally, he moved to dismiss it, voluntarily dismiss it, because he had lost the cooperation of his clients. At that time, the guardian, Ned Lyman, urged Judge Maddox to keep the lawsuit alive, and Judge Maddox said, no, I'm dismissing it with prejudice. And then we had the motion for sanctions. But Mr. Novoselsky wasn't in there. I mean, it was a disaster. I see what you're saying. I understand your response. Thank you, Your Honor. I take it my ten minutes are past. So thank you for your indulgence. All right. Mr. Blanken? Good morning, Your Honor. Before I get into some of the more substance of this, I do think this is an unusual case, not just because Mr. Novoselsky violated every ruling intended under Rule 137, which is bad enough, not merely because he impugned both the professional reputation and the personal character of my clients with really outlandish, vile, contemptible allegations, which is even worse. But in some respect, the real prejudice is none of this was done for his supposed client. This isn't the case of an Arizona lawyer trying to do his best for a client. This is the case of a lawyer trying to look out for himself and his client be damned, and everybody else be damned in the process. The Court has talked a little bit about the record here. I think it's really important if the Court will give me just a moment to touch on it. I'm fully aware, of course, that the rules about appellate briefing and the record and so forth bind the parties and not the Court. And in many occasions, the appellate courts will find that there's sufficient material in the record to be able to sustain and evaluate a claim of error. I would suggest that this case does not fit that category for two reasons. First of all, the accumulated violations will simply defeat the purpose of the rule. I mean, the testimony of the hearing, which is the basis for all this and the basis for many of the positions taken by Mr. Tai, is not in the record, even though Mr. Tai promised to file this hearing. And there's a case out of this district since we filed our briefs, Longo Realty v. Monadic, Inc., 2016, Ill App 1st 151231, and all those sanctions were denied there. Right here, the appellant did not include the record, the trial testimony of witnesses who were at the heart of their contention on appeal, as Mr. Novoselsky's own testimony is at the heart of their contention here. And the Court stated, quote, where an issue on appeal relates to the conduct of the hearing or proceeding, review requires a report or record of the proceeding. The other part of it, yes? Well, should there have been an evidentiary hearing? What did the proponents, what did the movement, what did you do to present to the Court, Judge Probst, based on the request for sanctions? What was the evidentiary basis upon which you presented materials so that the Court could come to the 20-some page order that was presented? Of course. The motions that were originally filed were accompanied by dozens, if not hundreds of pages of exhibits, which was in front of the trial court, which laid out all the problems, including what the federal court did and the res judicata effect of that. It laid out the, at best, utter lack of investigation of the claims that were being made in the face of mounting evidence from the very beginning that, at the least, those claims needed to be investigated and should not be taken at their word, and then later that it was clear that those claims could not possibly have been taken at their word. There was testimony by Mr. Novoselsky himself, at some length, and Mr. Cushing testified. So it was, indeed, a full evidentiary hearing. Really, this hearing went on for parts and more of, I think, three days. Did the hearing include any aspect of the amount of the sanctions to be involved? Was there any evidence presented with respect to the amount? Well, the first thing I said in answer to that question is that Mr. Tye said, well, we tried to make this record and we tried to ask for a bifurcation and try to get us something. Unfortunately for them, they did not submit the record to demonstrate what they did or what they didn't do. So the answer is they can't legitimately claim an error on that if they haven't produced a record to show what happened. And that's part of the problem of, I think, the whole presentation is so much of what they argue is based on what happened or what didn't happen in the hearing from which they have not provided the transcripts. Well, there is a request for certain dates that the record just includes certain dates, and I assume that those were the dates when Judge Probst conducted the hearing and the attorneys were present. Is that correct? When you say there was a request for certain dates, it was. Well, no. The request to limit the record in this was to limit it for, I believe, I assumed it was the actual days that Judge Probst, these three days that were taken up by the lawyers on the motion for sanction. Actually, the record begins with the date that the Appellate Court in the Zefunka wrongful death personal injury case came down with its opinion in 2013. That's where the record is. I understand that. But the problem is that the sanctions motions and much of our paperwork with our evidence was filed before that, and that is not included in the record. Oh, okay. So that's completely absent from the record. Absolutely. The motion for sanctions is not in the record. And none of the exhibits were attached to it. That's correct. Except for transcripts. Yeah. I mean, there are certain things that we put in later, some briefs and so forth, while hearings were going on and there were some daily briefs. But, no, the initial motion and evidence we put in, not included in the record. All right. As for whether there needed to be a hearing on the amount, the specific amounts of the sanctions, I think what the law is really clear on is if you're going to award sanctions, if a court is going to award sanctions of an attorney's fee, then the opposing party or this party could be sanctioned. They have to have an opportunity to show that the amounts of those fees are reasonable and appropriate based on the type of case it is. Absolutely. But that's not what Judge Post did here, and she didn't have to. Her determination of what the fees here or what the award here, the sanctions award here, was measured, and I submit, quite properly by the extent and the magnitude and the outrageousness of the conduct that led to all of this. But didn't she say at some point before that that she would have an evidentiary hearing on the amount of the sanctions? She did say that she was going to bifurcate it. That was actually on Rubin's motion, not on Mr. Novoselsky's motion. And she did say she was going to do that. There's no record that there's nothing in the record that indicates that there was a request for that after she took the evidence on the merits. But I will submit to the court that there was a good reason that she didn't need then to go back and have a separate hearing on the amount. And what was that? Well, two reasons. One is she wasn't basing it on the attorney's fees. And so the need for a hearing in that case, it would even be somewhat difficult to imagine what a hearing would be. Would the judge propose a number and then let the parties argue about it? So there was that as one issue. But I think the court could have reasonably determined that the violation was sufficiently severe, a sufficiently greater number, that there was no legal or practical reason to submit the parties, and particularly my clients in the court itself, to what would have been another round of hearings and discovery. But doesn't that setting an amount then become arbitrary? And how does this court even review that? Well, again, we have the problem of that. And maybe this is simply a one-off in the sense that in trying to review that, Mr. Novoselsky has not identified any witnesses, evidence, or argument he would have introduced, much less that any such omission would have substantially prejudiced him or overcome the outcome. In other words, if it's not legal, it's harmless error to one or the other. So you're not really, you want the decision affirmed in all respects, and you're not really concerned with the idea that let's assume that findings affect, that the sanction was appropriately entered, and even this amount that was entered was not an abuse of discretion. You're not really, you're not concerned with if all of this were true, let's assume that the order is correct, there's no abuse of discretion, then the court orders these sanctions. You're not concerned with the fact that two lawyers had to defend against this lawsuit and that the fees that they had to expend to defend themselves with your representation isn't something that you are concerned with? You don't think that that was something that should be done or could be done? I mean, you're not cross-appealing or anything like that, right? No. We would have been happy to have submitted our fees, which would have been at least the amount that the court ordered, because the fees that we incurred merely on the sanctions hearing for both parties came close to that, came right along to that number in any event, and those fees were submitted, and I think they are on the record. So we do have that judge to measure it. Those were the sanction fees. But the trial court had discretion. Rule 37 does not require the trial judge to award attorney fees. It's one possibility. And certainly in a case where some of the wrongdoing was directed directly at the court itself, that is, these untruths about being ordered to file a complaint, I think the court was well within its rights to determine that I can award an appropriate sanction here, and then ultimately the beneficiaries will be the parties who brought the sanctions motion. Is there something, though, that should be corrected in terms of at least a hearing or further findings as to how the amount was determined, the $25,000, not to Mr. Cushing, but as a result of that sanctioned conduct, the $75,000, and the fact that wasn't this an involuntary bankruptcy that resulted as a result of the amount of the $100,000 sanction? No, I would disagree with that. It was a voluntary bankruptcy. It turns out that he filed it the day before he was supposed to pay this amount to the court. But in the bankruptcy proceedings, the deaths that he had incurred, the credit is this was, in numbers, a fraction, and a small fraction. So the notion that that bankruptcy wouldn't have happened anyway. Oh, okay. Now, let's talk about the $100,000. Sure. I mean, I don't know that we've seen any cases where there has been a sanction and that amount was imposed without some kind of a hearing or termination or further details regarding how that number was allotted. There are several things I would say about that, and I'm not aware of any cases where that has happened because all of the cases that I located in any event were where attorney fees were allotted. And so for the reasons the court mentioned earlier, which is the other side has an opportunity and deserves an opportunity to examine the attorney's records and look at them and challenge them. So those are where the cases arise. I will point out that there are cases that Rule 137 is not a fee-shifting statute. It's a punitive statute. Yes. Right. So it's not necessary to be tied to that. But there are cases where that number in attorney fees shows up. Similarly, Brazil is the number out of the bounds of rationality. And just as a case, I would suggest another fairly recent first-circuit case, Stolfo v. Kindercare Learning Centers, Inc., 2016, first 142396, which referenced the affirming of a trial court award of $140,000 in attorney fees as a Rule 137 sanction, where the attorney continued to prosecute a crime in action after his client's deposition testimony had shut the door to the possibility of recovery. And that was a fraction of what happened here. So the language in the rule is to pay the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney fee. So aren't we talking about two different types of monetary awards, expenses and attorney fees? So when you cite the attorney's fees case, I understand your argument there. The evidence may speak for itself, and the judge may not need to conduct a hearing. But what does the rule mean when it says the amount of reasonable expenses incurred? That appears to be something different unless we conclude that the language in the rule is appropriate. Well, Your Honor, I'm just looking for my copy of the language in front of me. But it's actually allowed for the appropriate sanction. Right, thank you. But this is not $100 fine symbolic. You're dead wrong. That's right. This is substantial. It is substantial. But the wrong word is substantial. The abuse is substantial. And what I would say is this is, for it to be an abuse, it's got to be something that no reasonable person would think would be appropriate. But when you look at other attorney fees cases with what appears to be lesser conduct, lesser wrongful conduct, and you get fees of over $100,000, as in the Stolfo case, or you get fees that are something less than $100,000, but, again, much less of the wrongful conduct, I think that that's sufficient basis to say this was not outside the bounds of reason. But again, you're talking about fees versus whatever this is. And in your brief, you're clear that this is not based on the move-on fees. Correct. So you're just saying to us cases where the fees are in excess of $100,000. That's fees. Right. So if you're dealing with $300 an hour, it's really easy to get there. Right. I'm trying to equate reasonable attorney's fees with the amount of sanctions that were imposed here. And I don't know that cases are, that you've really, having us compare cases where the attorney's fees in the amount of $100,000 would have been determined to have been reasonable, how does that equate to costs here? Or how does it explain to us how this monetary amount was actually calculated? It doesn't explain how it was calculated. I submitted it only for the proposition that the number was reasonable. And when you look at other sanctions awards, although they were based on attorney's fees as opposed to not attorney's fees, it is not an unreasonable amount. Okay. But you're not really basing it on any case. There's nothing for us to say this is reasonable because, or it was reasonable because, you know, because the conduct was so egregious, then it was reasonable. I'm not sure. Well, I would say, again, two things on that. One is, yes, I would submit that because the conduct was so egregious, so overwhelming, so damaging and so profound not only to the parties but to the underlying case and to the minor and everybody else involved, that, yes, that is an appropriate amount. I think the other cases show that that is not an inappropriate number per se. And then the other thing I would say is there's nothing in the record or in the argument for Mr. Robesowski that explains why it's not except to say it wasn't awarded for attorney's fees and except to say that that was too much for attorney's fees for the Third Amendment complaint. Mr. McCaul, what was the sanction entered in the federal case? Um, is it on a mutual issue? Wasn't there a sanction order entered against Mr. Robesowski in federal court? There was actually one in the trial court and one in the district court and one in the seventh circuit. Correct. What are those totals? I absolutely recall it was somewhere in the neighborhood of $25,000, I believe. It may have been a bit more. It may have been a bit less. Okay. All right. But then I would put on the record... But those were not attorney's fees? It was just, you know, cross-sanction order, no attorney's fees? I believe... Based on the conduct? The seventh circuit award was attorney's fees. Okay, the seventh circuit. What about the district court? The district court, honestly, I do not recall if that is specifically on attorney's fees or not. But I would say, as well, in that case, that was a single-issue case. It was just, did you renew it properly or did you not? This far exceeds the scope of that. Does it matter that the district court let stand one of the counts in the federal case? Remember when the case was dismissed and the court found it? None of them stated a clause of action, but the one count was allowed to stand. I would suggest to the court that that doesn't, because carrying one good piece out of a large puzzle of flaws does not protect a lawyer from sanctions. The result otherwise would be problematic. And again, a lot of what could be used to adjudicate whether there's an error or not, the amount of rewards and the process and all the rest of it, is missing. It's not in the record. And I appreciate Mr. Tiefel and his client, but that's not what the rules in the case law require. The penalty should not be on the movements in the work by the authorities here, because they didn't put in the record, including, and this is the abuse issue, which is, the abuse was what did they leave out of the record? What they left out of the record was the material that was beneficial to us. What they put in the record was the material that was intended to be beneficial to them. So it's not merely technical flaws here. It's not merely an oversight. It's abuse. And I think that warrants the sort of sanction in terms of response that this court mentioned earlier, which could be dismissal or at least disregard of many of the claims of error. To be honest, the other thing I think I'd like to discuss is... What about the abuse of discretion? Do you think there's any argument to be made here that we're not reviewing the order that Judge Probst entered under the abuse of discretion standard? No. I think the abuse of... Is it procedural? No. And I think the court cases have affirmed that the abuse of discretion is the correct standard. Was there a medication case where the court looked at a de novo? I am not. I'm not either, but maybe I'm wrong. Maybe Mr. Tyson cited a case where he said something about why it was so. I believe and I briefly addressed that. That's not what that case really stands for. It came after our briefing. I'm sorry, I don't have a cite, but I believe there's been, again, another recent case. I'm not sure if it's the first or second district where a similar argument was made. The court said, no, the standard is abuse of discretion. It remains that. Anything further? Just two things, if I might, Mayor. There have been a lot of facts thrown out here that I think are incorrect. I think Mr. Tye said something about we all agree on the facts. Well, we don't, at least not entirely. And some of the facts, the one that I think needs emphasizing, because it's perhaps the most egregious, is that Mr. Milosevsky had some reason to believe he was ordered to file this lawsuit. And the evidence that summarized in the judge's order, in those words before the court, is very clear that no such thing ever happened. The notion that somehow he later went to a judge and said, she said, keep it going, there's nothing in the record that they've provided that indicates that that judge even knew what that lawsuit was or the basis for it. So to say that that judge made some sort of informed decision, there's no evidence to support that. But even so, I don't think one can possibly rationally equate filing something and being told I was ordered to file it with, well, I was told later I shouldn't dismiss it. Two radically different things, and Judge Popes was correct in pointing that out. The other issue here, I think, is a sort of good heart, empty head sort of defense. That's not a defense of the Rule 137 Sanctions Lawsuit. And I would suggest to the court that there is ample evidence in the record that this was not even good heart. If you look at what happened, there is no supporting testimony in the record for any of the allegations that Mr. Nowoszewski asserted against my client. If you look at what he didn't do, and there's no evidence in the record that he did any of this, he has a child who, according to him, has been physically and emotionally abused. And he made his brief, and that's why he went in to try and get help for that child. Never got the child evaluated, even though that would have been necessary to take a case to trial. But that's because there was no intention of taking this abuse case to trial. Because other than filing serial complaints with changing plaintiffs and changing additional defendants, nothing was ever done on this case.  Basically, it was just a rolling set of complaints to keep it alive until there was a settlement in the wrongful death case by which Mr. Nowoszewski would get paid. And then, lo and behold, within two weeks, the abuse case is dismissed by Mr. Nowoszewski. He also alleged, among his allegations, that Ms. Stevens, if not Mr. Cushing as well, submitted perjured testimony to a court, which is a huge impugning of an attorney's reputation. But there's nothing in the record that indicates that his testimony, to the extent it's in the opinion, is that he never reported it to the trial court. He never tried to withdraw the supposedly fabricated testimony. He never made a human report, even though that dishonesty report is a mandatory reporting. But if you look at the fact that go on and on, the evidence is abundant that this was not a mistake. This was not an error. This was not a results list. This was a conscious, willful, malicious attempt to take over a case. And is a conflict sufficient to remove a party? Absolutely. A removal of an attorney? It certainly can be. But all the judges who have looked at this have said that is not a conflict, including the public court here. That is not a conflict that caused the removal of Ms. Stevens. And the bigger point is you can't create a conflict in order to remove somebody. You can take an existing conflict and try to make something of that. But the client lawsuit that supposedly created the conflict in the first place was gone before the state lawsuit. It was done, dismissed, before the state lawsuit was ever filed. So the notion that a lawyer could objectively create a conflict by his own lawsuit, which by all accounts and by all judges who have looked at this, had no merit whatsoever, to then use that to bootstrap and to get rid of another attorney is, I think, an abominable one. And it's not one that should be countenanced. And with that, unless this court has other questions. Thank you. Thank you very much. Mr. Tide? Brief rebuttal. The court's questions with respect to the proof of the attorney's fees, the issue of the attorney's fees and the connection of the award to the basis that gave rise to it, runs to the limitations that impact the consideration and the application of Rule 137. When the purpose is simply to punish the attorney for the attorney's conduct, and you're talking about $100,000. This is not, as Your Honor would suggest, the kind of a sanction that would be independently significant but not financially oppressive. In that sense, just square up to what you did and stop it. That kind of a thing. It's $100,000. And that is the kind of punishment that is reserved to the Supreme Court's other branch in the Attorney Registration and Disciplinary Commission. Well, Sal, I don't agree with you that the court, you're not suggesting for one second, are you, that Judge Probst couldn't impose a monetary amount? No, Your Honor, I'm not suggesting that. And actually, she delineated that between the conduct vis-à-vis Mr. Cushing and the conduct vis-à-vis Mr. Davis. Did she not? She did, Your Honor. But what I'm suggesting to you is that when a court goes into round number sanctioning and it encroaches in an area that belongs to another body, the ARDC, and the cases in this state have held that the Supreme Court, through the ARDC, takes the responsibility for that type of punishment to address that type of lack of professionalism. The role of the trial court is to protect the proceedings in the court to the contempt powers and to enforce the orders of the court to the contempt powers and to use 137 as a penal measure to be strictly construed against application because it's penal, because the concern is that the trial court not become a new round of litigation where in every case, well, I'm going to go for sanctions, I'm going to try and let Veselsky go for round number, get a little something extra. Courts don't have that kind of time to open up the floodgates. They're not set up to handle that, and it has a real potential impact on the advocacy if lawyers are, where is the line going to be between a whack job, hit in the head sanction, and some other sanctions for my misconduct? At least in the ARDC, the lawyer has protection of an investigative process, current convincing evidence, and a measured discretionary ruling with a recommendation seen by the Supreme Court. Would it be beyond the realm of reasoning or understanding if Judge Probst had awarded $100,000 in attorney fees? I'm not suggesting that there's a petition and that, you know, based on the rate, hours, the nature of the lawsuit itself, but the defense, the defense of the lawsuit, would it be, like, unusual if this amount had been equated with $100,000 in terms of the hours that the movements had to expend to defend against this lawsuit that was according to the trial judge, violative of Rule 137? We have to speculate as to what would have been put in the motion, and we have to speculate for the record and for all purposes of analysis on what Mr. Novoselsky's response would have been to a motion for sanction that specified a dollar amount that he would say, I choose not to contest it if he were in that position. On this record, we have to assume that he would have a choice in that, notwithstanding what we all have gleaned about his personality from our past experience and what we see on this record, he still would be entitled to look at a motion for sanctions that says, I am out at this point $700,000. What if the federal court sanctioned him? Do you know the amount for the removal action where it said it was completely unambitious? No, Your Honor, I don't, but one thing, and I have to make this clear, because otherwise I'd give you an impression that would be beneficial to my client and inaccurate. The sanctions jurisprudence in the federal case is specifically tied to the attorney's fees, because it's Section 1927, and it's also imbued into, I think it's Section 1447 on the removal statute, and it speaks to attorney's fees. So it wouldn't have been possible for the federal courts to say, and. So the fact that they didn't, I can't say, aha, that's proof that I'm a good guy. That would be an unfair argument on my part. The 137 sanctions here does have that language that is opened up, not specifically tied to attorney's fees. We have not found cases that have recognized and affirmed the application of that sanction in that manner in an Illinois case or even really in federal cases under Rule 11. And what we have, because of that, we have to look and say, why is that? And I suggest to the court that the reason why that is is because there's an effort to protect the entire system, and the trial court's job should not go into all these other areas and become a target for any other case that has high feelings and say, whack that guy for $50,000 on top, now that the case is over. There's a jurisprudence that leads to how we look at these things, because we don't want to deny anybody their right to sanctions when they're entitled to it, when they're warranted, but we also are not opening it up as a new front for litigation. So that is why I suggest to the court that the standards of presenting the motion should be high, and there should be a connection between the sanctions amount and the presentation of evidence of friendship. In this case, in the 09 case, we have very little defense activity in the entire case. So if somebody filed a motion in July of 2010 and said this whole thing was a waste of my time... Pardon me? Is there a full investigation undertaken by Mr. Novoselsky before filing this? We maintain there is an adequate one, but... If there's no activity, isn't that a further indication that there was no good basis to file in the first place? No, that's fairly honest. No discovery, no... No, given everything else that was going on in the case, and people trying to achieve global settlements and racking things up and putting things to an end, I don't think you could attribute significance to that. But I think you can attribute significance to the fact that if there had been a 137 motion filed within 30 days of the dismissal order, and that 137 motion said, here's what it cost me to defend myself, and that amount of money, as of that time, was measured in hundreds of dollars or a couple thousand dollars because there was no activity done, we don't know that Mr. Novoselsky would have said, I insist upon a full evidentiary hearing and take this to the NCO. He might have said, you know what? This was a thin case. I can articulate reasons why. I can articulate why I could present a case in anticipation of a potential form of defense, a race judicata, and all those other things, but I choose not to do so. But he didn't have that choice because he was presented with a motion for sanctions that was open-ended. Then when he tried to defend himself from the sanctions, we asked, let's see where this is going. And we didn't get that. And then when we closed the argument on the motion for sanctions, thinking there was going to be another round of argument to address and to try to inform the court's exercise of discussion as to the amount of sanctions, we didn't have a chance to even speak to that. So in this realm of what would have happened, had there been a motion under 137 in 2010 that said, and here's what we're out, it wouldn't have been measured in the hundreds of thousands of dollars. The biggest expense in the prosecution of the sanctions motion was the prosecution of the motion at the argument in front of Judge Probst, which might have been avoided if there had been a statement of here's what I think is an appropriate sanction, given what the impact has been of what I contend are inappropriate pleadings. So I don't think it's appropriate to say, and I think I'm looking at it from that standpoint, had they done their motion, I don't know where we'd be. I do know, though, that the cases, Brandel and the other cases, call for a specification for a motion for sanctions. And I suggest to the court that that is intended not just to protect the attorney who sanctioned, but to protect the circuit court.  Yes. Judge, I appreciate you don't want to hear that. I don't. But I'm an officer of the court. Yes. That is the answer. I won't say it out loud, but I screwed up. It was there. I thought it was part of the record. Frankly, I thought it was part of the record that was thrown out, and I had missed the site. The identification of the attorney was right in my attention. I told counsel I would take care of it, and then I screwed up. Before you filed your reply brief, ask the court to supplement this record to at least include the motion for sanctions and the 100 pages of documentation that supported that request for sanctions. I should have done that, Your Honor. Actually, there is no reply brief in the case. I forgot. That's right, Your Honor. I did not. There was this pointing out to you. Okay. All right. Anything further you want to add? You're going to take the full responsibility for that little motion for sanctions and 100 pages of recording documentation. Judge, I wish I could lay it off on him, but I mean I'm the one who's responsible for putting the record together. It was caught off my attention by counsel. I missed it, and then I didn't follow up. Don't you need to tell us that the litigant has to follow his case? Where's Mr. Novoselsky in all this? Judge. Doesn't he have to do it, too? Not just you? Regardless of whether he has to do it, too. I was the one who led it down. On the order of the sanctions alone, since we have the order in front of us, which is significantly detailed, wouldn't you say that we could easily just say we presume the court acted in accordance with the law, the motion for sanctions is noticeably absent from the record, the 100 pages of documentation is also missing from the record, so at least, and we have the order itself, wouldn't we simply say that that part is fallen away by clout? You mentioned that in my opening comment. I really don't have anything I can say other than I hope that you wouldn't. Well, we do have an order, and I think because of the order and because of its detail, I think we can fairly review the case. I do. I don't think it has to be. That's not something we have to do, and I do think the order is very detailed, so I do think there's enough for us to glean whether or not, if we find it's an abuse of discretion, whether or not the court abused her discretion on the order, and then I think there's a significant question about the amount in terms of how it was calculated. Understood, Your Honor. All right. And, again, I thank the court for its indulgence in the time that you're performing this argument. All right. We appreciate the comments today, and we will take the matter under advice. Court is adjourned. Adjourned.